NO. 12-6439

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PAULA SUE SHOTWELL, Plaintiff-Appellant

v.

CITY OF MEMPHIS

Defendant-Appellee

On Appeal from the United States District Court
for the Western District of Tennessee

**BRIEF OF APPELLEE, CITY OF MEMPHIS**

Robert W. Ratton III
CITY OF MEMPHIS
125 N. Main Street, Room 336
Memphis, Tennessee 38103
Telephone: (901) 636-6614

*Attorney for City Of Memphis*

June 24, 2013

## TABLE OF CONTENTS

CORPORATE DISCLOSURE FORM………………………………………..ii

TABLE OF AUTHORITIES……………………………………………iv

JURISDICTIONAL STATEMENT……………………………………....1

STATEMENT regarding ORAL ARGUMENT……………………………1

STATEMENT OF ISSUES……………………………………………... 2

STATEMENT OF THE CASE………………………………………….2

STATEMENT OF FACTS………………………………………………7

SUMMARY OF ARGUMENT……………………………………………8

ARGUMENT……………………………………………………………8

   I.    Standard of Review……………………………………………....8

   II.    Rule 41(b) Dismissal was proper……………………. ………………9

        A.  Shotwell's failure to prosecute was willful and in bad faith...9

        B. Delay caused prejudice to the City of Memphis…….....…..12

        C. District Court warned Shotwell of potential dismissal……12

        D. District Court considered lesser Sanctions…………….…..14

   III.    Shotwell, as pro se plaintiff, does not receive special leniency…......15

CONCLUSION…………………………………………………….....16

CERTIFICATE OF COMPLIANCE WITH RULE 32(A)………………….17

CERTIFICATE OF SERVICE ……………………………………….....17

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ….18-19

## <u>DISCLOCURE OF CORPORATE AFFILIATIONS</u>
## <u>AND FINANCIAL INTERESTS</u>

Pursuant to Sixth Circuit Rule 26.1, Defendants-Appellee City of Memphis,

Tennessee, makes the following disclosures:

1. Is Said party a subsidiary or affiliate of a publicly owned corporation?

    No.

2. Is there a publicly owned corporation, not a party to the appeal that has a

    financial interest in the outcome?

    No.

<u>s/Robert W. Ratton III   </u>                <u>June 24, 2013    </u>
Signature of Counsel                          Date
Robert W. Ratton III

# **TABLE OF AUTHORITIES**

**CASES**                                             **PAGE(S)**

*Harmon v. CSX Transp. Inc.*
110 F.3d 364, 368 (6th Cir. 1997)……….…………………….…....10, 12, 15

*Jourdan v. Jabe*, 951 F.2d 108
(6th Cir. 1991).…………………………………………….…………...........15

*Knoll v. AT & T*
176 F.3d 359, 363 (6th Cir. 1999.)…………………...………………8, 9

*Link v. Wabash R. Co.*
370 U.S. 626, 633 (1962)…………………………………….....….…….8

*Shafer v. City of Defiance Police Dept.*
529 F.3d 731, 736 (6th Cir. 2008)……………………...…….8, 9, 11, 12

*Stough v. Mayville Community Sch.*
138 F.3d 612, 614 (6th Cir. 1998)……………………………….…..8, 12

*Wu v. T.W. Wang, Inc.*
641, 643 (6th Cir. 2005)……………………………………..…..……….10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 41(b)…………………….…..………..…9

W.D. Tenn. Civ. R. 7.2 (2011)………………...……………….….……....11

## JURISDICTIONAL STATEMENT

Appellant Paula Shotwell ("Shotwell") brought this cause of action in the United States District Court for the Western District of Tennessee pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (RE No.1 Complaint Page ID # 3). Accordingly, the District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

The district court entered its Order On Motion to Dismiss for Lack of Prosecution on October 13, 2012. (RE No. 51, Page ID # 1.) The appellant did not enter her notice of appeal until November 15, 2013, 32 days after entry of the Order that she is appealing. (RE No. 52, Page ID # 1.) Federal Rule of Appellate Procedure requires that the appellant file Notice of Appeal within thirty days "after entry of judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The Plaintiff failed to follow his rule rendering her appeal untimely and jurisdiction is not proper with this Court.

## STATEMENT REGARDING ORAL ARGUMENT

The City of Memphis respectfully submits that oral argument is unnecessary in this appeal. The parties have addressed adequately all legal and factual issues in their respective briefs. However, the City of Memphis has no objection to oral argument if this Court so desires.

1

## STATEMENT OF ISSUES

Whether the district court abused its discretion by dismissing with prejudice Plaintiff's cause of action for failure to prosecute when the Plaintiff failed to respond to motions to dismiss by opposing counsel and did not follow orders of the Court that warned counsel of the possibility of dismissal for lack of compliance.

## STATEMENT OF THE CASE

On November 20, 2009, the Plaintiff, Paula Sue Shotwell ("Shotwell"), a former employee of Defendant City of Memphis, ("City"), filed a pro se complaint against the City of Memphis alleging age and race discrimination in her termination. (RE No.1, Complaint Page ID # 3). A summons was issued on April 20, 2010. (RE No. 4, Summons Page ID #1). Following a scheduling conference with both parties present, the district court entered an order requiring discovery completed by April 1, 2011. (RE No. 9, First Scheduling Order from July 16, 2010 Page ID # 1-3). The Court stated in this Order that the dates will not be modified "absent good cause shown." (Id. Page ID #3).

On November 15, 2010, Shotwell submitted a "Motion for Continuance" for the trial until after January 31, 2011 (RE No. 12, Plaintiff's Motion for Continuance Page ID # 1-2). The stated reason for the continuance was a pending criminal matter in Shelby County Criminal Court. (*Id*. at Page ID #1). Shotwell provided no specific information relevant to her need to modify the scheduling

2

order relating to this criminal trial. Based on the lack of information, along with other factors, the district court denied Shotwell's request for a continuance. (RE No. 15, Order Denying Plaintiff's Motion for Continuance and Order Denying Plaintif's (sic) Motion to Stay of Discovery Page ID #1-2.)

The parties did not file further motions until June 2011. On June 28, 2011, the district court ordered the parties to file a status report within ten (10) days of entry of the Order. (RE No. 16, Order for Status Report Page ID #1.) In its first Status Report filed July 11, 2011, the City informed the Court that it was ready to proceed to trial, but had been unable to contact Shotwell for several months. (*Id.*) The parties had scheduled to meet on July 11, 2011, but Shotwell asked to reschedule until the following day. (*Id.*) On July 14, 2011, the City filed its second Status Report to update the Court on its meeting with Shotwell. (RE No. 18, Supplemental Status Report, Page ID #1-2.) This report stated that Shotwell had informed the City that she needed a trial continuance until after January 2012 because of pending criminal matters and family issues. (*Id.*)  The district court entered an Order referring the case to the Magistrate Judge for a new scheduling order. (RE No. 19, Order Continuing Trial and Order of Reference Page ID # 1.)

Prior to the entry of the new Scheduling Order, Shotwell filed a motion on July 29, 2011 stating that she was hiring an attorney. (RE No.21, Motion for Modified Schedule Order Page ID #1.) The motion stated that they were "due to

3

the fact that the plaintiff is unfamiliar with the federal civil procedure rules." (*Id.*) Shotwell's motion did not address either pending criminal charges or a possibility of incarceration.

On September 29, 2011, the Magistrate Judge held a scheduling conference pursuant to written notice that, while counsel for the City was present, Shotwell failed to attend. (RE No. 24, Second Scheduling Order dated 9/29/11 Page ID # 1.) The new scheduling order set the end of discovery for May 11, 2012. (*Id.*) The district court set the trial for August 6, 2012. (RE No. 26, Setting Letter.)

From the time of the setting letter until the Order of Dismissal for Lack of Prosecution, Shotwell filed two motions. First, Shotwell filed a Motion for a Protective Order on January 19, 2012.[1](RE No. 27, Motion of Plaintiff for Protective Order Page ID # 1-2.) In this motion, Shotwell requested the Court to make confidential the contents of this deposition, scheduled for January 20, 2012. (*Id.*) Shotwell never stated that she would be unable to attend this deposition. She also failed to state with any specificity how these depositions could be used against her in criminal prosecution.

Second, Shotwell filed a motion to seal the contents of her deposition on March 1, 2012. (RE No. 33, Motion to Seal Answers to Plaintiff's Deposition in

---

[1] Shotwell also filed a second motion that contained substantially the same substance as the "Motion of Plaintiff for Protective Order." (RE No. 28, Notice of Correction.)

Pursuant to Fed. R. Civ. Rule 26 (c).) Shotwell listed her address as 4767 Gill Road, Memphis, TN 38109 and her phone numbers as "(901)785-0136 or 262-3901." (*Id.* Page ID #2.)

On May 11, 2012, the City of Memphis filed a "Motion to Compel Discovery and Motion for Sanctions." (RE No. 37, Motion to Compel Discovery and Motion for Sanctions).  The motion states that the City served Shotwell on May 2, 2012 with a notice of deposition for May 10, 2012. (*Id.* Page ID # 1). The Notice of Deposition had been served at 4767 Gill Drive. (RE No. 37-1, Notice of Setting of Plaintiff's Deposition Page ID # 2). The motion states that, when counsel for the City attempted to contact Shotwell by phone at 901-785-0136 on May 4, 2012, Shotwell's mother stated that Shotwell was not home.  (Re. No. 37, Page ID # 1-2). When the City attempted to contact Shotwell at 901-262-9301, an unknown man answered the phone and stated "it was not the Plaintiff's telephone number." (*Id.* Page ID #2.) Shotwell failed to attend the deposition and was unavailable when the City attempted to reach her. (*Id.*)

From the entry of the second Scheduling order to the Order for Dismissal, the district court entered two orders warning Shotwell that her failure to take action on this case could result in its dismissal. The first order, a Show Cause order filed June 11, 2012, stated that both parties had failed to comply with the Notice requirement regarding mediation. (RE No. 39, Order to Show Cause.) The order

5

stated that both parties had fourteen days to show cause "why the Court should not dismiss this Case for failure to comply with the Court's Order Regarding Mediation." (*Id*. Page ID #1.) Shotwell never replied to this Order.

The Court also entered an Order on July 30, 2012 addressing the pending motions of Shotwell and the City. (RE No. 44, Order Denying Plaintiff's Motion for a Protective Order, Denying Plaintiff's Motion to Seal Answer of Plaintiff's Deposition, Granting Defendant's Motion to Compel, and Reserving Ruling on Defendant's Motion for Sanctions). The Court noted that Shotwell failed to appear for her deposition on May 10, 2012 and the deposition scheduled for January never occurred. (*Id*. Page ID #2.) The Court stated "**trial is to begin on August 6, 2012 at 9:30 a.m.,** twelve days from entry of this Order. Plaintiff is reminded that, if she wishes to continue to pursue her case, she must both appear at her depositions as scheduled and appear at trial on August 6, 2012 at 9:30 a.m." (*Id*.) (emphasis in original.) The district court ordered the City to schedule the deposition "on or before August 5, 2012, and to provide Plaintiff at least three days' notice prior to deposition." (*Id*. Page ID # 3.) The Court also stated:

> The Court reiterates that Plaintiff must be deposed by Defendant prior to the August 6, 2012 trial date. **Plaintiff shall submit to this deposition. Defendant will send Plaintiff a Notice to take Plaintiff's deposition, and Plaintiff's failure to comply may lead to dismissal of her case if Defendant files an aPage ID #ropriate motion"**
> *Id*. Page ID #3. (emphasis in original.)

On July 30, 2012, the City filed a Motion to Dismiss for Failure to Prosecute. (RE No.46, Motion to Dismiss for Failure to Prosecute and Failure to Comply with the Orders of the Court and Motion for Sanctions Combined with Supporting Memorandum Page ID # 1-3.) According to the Motion, the City sent Shotwell Notice by mail that the Court had granted its Motion to Compel and the City had scheduled her deposition for July 30, 2012. (*Id.* Page ID #1.) The City attached a copy of the certified mail certificate to the Motion. (RE No. 47, Notice.) The City stated that Shotwell failed to appear for the deposition. (RE No. 46, Page ID # 1.) An attached transcript outlines the efforts taken by the City to ensure Shotwell's presence, which include phone calls on the day of the deposition and confirming via the Postal Service that the Shotwell's address received the letter. (*Id.* Page ID #3-5.)

Shotwell failed to respond to the City's motion to dismiss. On October 13, 2012, the District Court entered an Order Dismissing the case for lack of prosecution. (RE No. 51, Order Granting Motion to Dismiss for Lack of Prosecution.)

## STATEMENT OF FACTS

Shotwell's complaint alleges that she was discriminated against on the basis of age and race. (RE No.1, Complaint Page ID #4.) The District Court dismissed this action based solely on the Plaintiff's failure to prosecute the case. Since this

appeal raises only a procedural issue, the above Statement of Case contains the facts relevant to this matter.

## SUMMARY OF ARGUMENT

District courts have the authority and responsibility to dismiss an action in which the Plaintiff fails to prosecute the case in a reasonable manner. A court has the discretion to dismiss a case when "there is a clear record of delay or contumacious conduct." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999.) In the present case, the Plaintiff, Shotwell failed to move forward with the case after three years of litigation and refused to comply with the district Court orders or respond to Defense motions to dismiss. The Court properly found her refusal to proceed as a failure to prosecute.  Furthermore, a pro se plaintiff is not entitled to any special leniency because of her failure to follow easily comprehended procedural rules.

## ARGUMENT

### I. Standard of Review

The standard of review applicable to the district court's decision to dismiss for failure to prosecute is abuse of discretion. *See Link v. Wabash R. Co.,* 370 U.S. 626, 633 (1962).  A district court abuses its discretion "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Shafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th

Cir. 2008) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 614 (6th Cir. 1998).)

## II. Rule 41(b) Dismissal was proper.

Federal Rule of Civil Procedure 41(b) allows a district court to dismiss an action when a plaintiff fails to follow the rules of Civil Procedure or orders of the Court. Fed. R. Civ. 41. In reviewing a district court's decision to dismiss an action with prejudice for failure to prosecute, the following four factors are considered:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.
> *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

While no single factor is dispositive of the propriety of a district court's decision, the dismissal is proper if there is a "clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

### A. <u>Shotwell's failure to prosecute was willful and in bad faith.</u>

For a finding of bad faith or willfulness in failing to prosecute, the plaintiff's conduct must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect." *Schafer*, F.3d 731 at 737

(citing *Wu v. T.W. Wang, Inc.*, 641, 643 (6th Cir. 2005).) This Court has previously held that violations of Court orders and failures to respond to opposing counsel's motions demonstrate "stubbornly disobedient and willfully contemptuous" acts sufficient to satisfy this first factor. *Harmon v. CSX Transp. Inc.* 110 F.3d 364, 368 (6th Cir. 1997).

Throughout the span of this litigation, Shotwell persistently delayed the case and failed respond to Court orders. The Court and Defense Counsel extended a great deal of accommodation to Shotwell. When Shotwell failed to respond to the Order for a Status Report, the City of Memphis relayed Shotwell's request for a continuance to the Court. (RE No. 18, Supplemental Status Report Page ID # 1). The Court agreed to extend discovery and trial to a date well beyond the time in which Shotwell had requested.[2]

Despite this scheduling order modification, Shotwell failed to comply with two orders of the Court. These Orders contained express warnings that her case could be dismissed if she failed to follow them. Despite being ordered to do so, Shotwell never responded to the Court's Order to Show

---

1. Shotwell requested several delays of this trial. On November 15, 2010, Shotwell filed a motion to continue the trial until sometime after January 31, 2011. (RE No. 12, Motion for Continuance). The Court denied this motion because the current trial date was already set seven months after the date she had indicated. (RE No. 15, Order Denying Plaintiff's Motion for a Continuance.) However, the District Court, without any direct request by Shotwell, agreed to set the Court date until August 6, 2012, eighteen months after her original request for a new trial date.

Cause to show why she had failed to mediate this case. (RE No. 39, Order to Show Cause.). Second, Shotwell also failed to appear for a deposition when ordered by the Court. (RE No. 44, Order Denying Plaintiff's Motion for a Protective Order, Denying Plaintiff's Motion to Seal Answer of Plaintiff's Deposition, Granting Defendant's Motion to Compel, and Reserving Ruling on Defendant's Motion for Sanctions.). This Order came from the Court after two years of delay instigated by the Plaintiff.

In violation of Local Rules, Shotwell failed to respond to the two motions to dismiss filed by the City of Memphis. Local Rule 7.2 requires that a party to respond to a motion within 14 days after service of the motion. W.D. Tenn. Civ. R. 7.2 (2011). Counsel for the City of Memphis filed and served its Motion to Dismiss under Rule 41(b) on July 4, 2012. Two months later, the City filed and served another motion to dismiss. (RE No. 50, Motion to Dismiss for Lack of Jurisdiction.) When the Court issued its Order dismissing the case on October 13, 2012, Shotwell had failed to respond to the original motion to dismiss for two months. These failures, along with three year history of delays, clearly indicate both "an intent to thwart judicial proceedings" and "reckless disregard for the effect" of her actions. *Schafer*, F.3d 731 at 737.

11

B. **Prejudice to the City of Memphis**

The City of Memphis had to expend greater time and resource because of Shotwell's failure to take part in this litigation. Prejudice to a party occurs when "it was required to waste time, money and effort in pursuit of cooperation that [the Plaintiff] was obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). The City scheduled and appeared for depositions on two separate occasions. (*See* RE No. 40-1, Statement for the Record May 10, 2012, and RE No. 46-1, Statement for the Record January 30, 2012.) Each deposition required that the City hire a court reporter, prepare to examine the witness and schedule time that could otherwise have been spent on productive activity. Shotwell's failure to appear at her depositions needlessly wasted the time, money and effort of the City.

C. **District Court warned Shotwell of potential dismissal**

In two separate orders, the Court warned Shotwell that her failure to follow the Court's orders could result in a dismissal of her case. A court's "'prior notice, or lack thereof…is a key consideration' in determining whether a district court abused its discretion in dismissing a case for failure to prosecute." *Shafer* 529 F.3d at 737 (citing *Stough v. Mayville Cmty Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).)

On June 11, 2012, approximately six months prior to the dismissal order, the district court issued an Order to Show Cause. (RE no. 39, Order to Show Cause). In this Order, the Court states:

> The parties are hereby ordered to show cause within fourteen (14) days of entry of this Order why the Court should not dismiss this case for failure to comply with the Court's Order Regarding Mediation. (*Id.* Page ID #*1*).

Shotwell never responded to this Order.

With language that leaves no ambiguity, the Court again warned Shotwell that her failure to comply with the Court's orders could result in a dismissal of this case. On July 25, 2012, less than two weeks before trial, the Court granted the City of Memphis's Motion to Compel. (RE No. 44, Order Denying Plaintiff's Motion for  a Protective Order, Denying Plaintiff's Motion to Seal Answer of Plaintiff's Deposition, Granting Defendant's Motion to Compel, and Reserving Ruling on Defendant's Motion for Sanctions). The Court ordered Shotwell to appear for a deposition prior to trial. The Order stated:

> The Court reiterates that Plaintiff must be deposed by Defendant prior to the August 6, 2012 trial date. **Plaintiff shall submit to this deposition. Defendant will send Plaintiff a Notice to take Plaintiff's deposition, and Plaintiff's failure to comply may lead to dismissal of her case if Defendant files an appropriate motion"** (*Id.* Page ID # 3 )(emphasis in original).

After Shotwell failed to appear for her deposition, the City filed a motion to dismiss on July 30, 2012 in which Shotwell failed to respond. (RE No. 46, Motion to Dismiss For Failure to Prosecute and Failure to Comply with Court Orders of the Court And Motion for Sanctions with Supporting Memorandum). When the Court dismissed the case on October 13, 2012, Shotwell had not responded to the City's motion.

D. **District Court considered lesser Sanctions.**

Prior to dismissal, the district court considered less severe sanctions against Shotwell. The City, in its motion to compel, requested sanctions against Shotwell for her failure to appear at a deposition. (RE No. 37, Motion to Compel Discovery and Motion for Sanctions). While the Court found that Shotwell had failed to appear for the deposition, the Court reserved ruling on the issue of sanctions based on a motion for a protective order that had been pending at the time. (RE No. 44, Order Denying Plaintiff's Motion for a Protective Order, Denying Plaintiff's Motion to Seal Answer of Plaintiff's Deposition, Granting Defendant's Motion to Compel, and Reserving Ruling on Defendant's Motion for Sanctions Page ID # 3-4).

Even if the Court had failed to consider a lesser sanction, this failure would not affect the reasonableness of the District Court's decision. "We have never held that a district court is without the power to dismiss a

14

complaint, as the first and only sanction." *Harmon*, 110 F.3d at 368 (6th Cir. 1997). In light of the court's express warnings and the Shotwell's dilatory conduct, dismissal would have been appropriate without a consideration of lesser sanctions.

### III. Shotwell, as Pro se Plaintiff, does not receive special leniency.

This Court should not grant Shotwell, as a pro se Plaintiff, any leniency for her inability to follow easy to comprehend orders and procedural rules. A pro se plaintiff, including an in custody plaintiff, is not entitled to special consideration for failure to follow the orders and procedures of the Courts. *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). The District Court granted Shotwell a great deal of leniency in extending to deadlines at the suggestion that Shotwell needed assistance. Also, the district court provided clear and direct warning that failing to follow its orders could result in dismissal. Shotwell's assertion on appeal that she should be afforded special consideration because she was in custody is without merit. First, there is no information in the record that Shotwell was incarcerated at any point during this litigation. Second, incarcerated pro se litigants are not exempt from following basic procedural rules. Pro se prisoners are capable of filing lawsuits and pursuing legal claims regardless of their incarcerated status.

# **CONCLUSION**

For the above stated reason, the City asks this Court to affirm the Order of the

District Court.

Respectfully submitted,

**Herman Morris, Jr.**
**City Attorney**


s/ Robert W. Ratton III
Robert W. Ratton III,  BPR #024669
125 North Main Street, Room 336
Memphis, TN  38103
(901) 636-6614    (Office)
(901) 636-6624    (Fax)
Email:  robert.ratton@memphistn.gov

*Attorney for Defendant-Appellee, City Of*
*Memphis*

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C)(i), the undersigned hereby certifies that the foregoing Brief of Appellant contains 3, 595 words and was prepared using Times New Roman, 14 point font.

<u>s/ Robert W. Ratton III</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 24, 2013, I have electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<u>s/ Robert W. Ratton III</u>

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

RE 1          Complaint, Page ID # 3, 4

RE 4          Summons, Page ID #1

RE 9          First Scheduling Order from July 16, 2010, Page ID #1-3

RE 12         Plaintiff's Motion for Continuance, Page ID # 1-2

RE 15         Order Denying Plaintiff's Motion for Continuance and Order Denying
              Plaintiff's (sic) Motion to Stay of Discovery, Page ID # 1-2

RE 16         Order for Status Report, Page ID #1

RE 18         Supplemental Status Report, Page ID #1-2

RE 19         Order Continuing Trial and Order of Reference, Page ID #1

RE 21         Motion for Modified Schedule Order, Page ID #1

RE 24         Second Scheduling Order dated 9/29/11, Page ID #1

RE 26         Setting Letter

RE 27         Motion of Plaintiff for Protective Order, Page ID #1-2

RE 33         Motion to Seal Answers to Plaintiff's Deposition in Pursuant to Red.
              R. Civ. Rule 26 (c), Page ID #2

RE 37         Motion to Compel Discovery and Motion for Sanctions, Page ID #1

RE 37-1       Notice of Setting of Plaintiff's Deposition for May 10, 2012, Page ID
              #1

RE 39         Order to Show Cause

RE 40-1       Statement for the Record May 10, 2012

18

RE 44          Order Denying Plaintiff's Motion for a Protective Order, Denying
               Plaintiff's Motion to Seal Answer of Plaintiff's Deposition, Granting
               Defendant's Motion to Compel, and Reserving Ruling on Defendant's
               Motion for Sanctions, Page ID #2

RE 46          Motion to Dismiss for Failure to Prosecute and Failure to Comply
               with the Orders of Court and Motion for Sanctions Combined with
               Supporting Memorandum, Page ID #1-3

RE 46-1        Statement for the Record January 30, 2012

RE 47          Notice

RE 50          Motion to Dismiss for Lack of Jurisdiction

RE 51          Order on Motion to Dismiss for Lack of Prosecution on October 13,
               2012, Page ID #1

RE 52          Federal Rule of Appellate Procedure, Page ID #1